IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SEAN K. HEYWARD,

    Plaintiff,

v.                                                                                Civil Action No. **3:15CV609**

MR. M. PHILLPS,

    Defendant.

## MEMORANDUM OPINION

Sean K. Heyward, a Virginia inmate proceeding *pro se* filed this civil rights action. By Memorandum Order entered on November 10, 2016, the Court directed Heyward, within eleven (11) days of the date of entry thereof, to show good cause for his failure to serve the defendant. Heyward did not respond. Accordingly, by Memorandum Opinion and Order entered on January 23, 2017, the Court dismissed the present action without prejudice because Heyward failed to state good cause for his failure to serve the defendant within the time required by Federal Rule of Civil Procedure 4(m). The matter is before the Court on Plaintiff's Motion for Reconsideration of that dismissal under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).[1]

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the

---

[1] The Court deems Heyward's Rule 59(e) Motion filed as of the date he executed it and presumably handed it to prison officials for mailing to this Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In support of his Rule 59(e) Motion, Heyward contends, for the first time, that the Court should excuse his failure to timely serve the defendant because: he was transferred to the Virginia Department of Corrections; lost some of his property; and, was placed in segregated confinement. (Rule 59(e) Mot. 1.) Heyward fails to explain why he did not tender this explanation prior to the dismissal of the action. "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted). Moreover, Heyward fails to suggest he made any effort to obtain the defendant's address. *See Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 33) will be DENIED. The Court notes that because the action was dismissed without prejudice, Heyward remains free to refile the action.

An appropriate Order shall issue.

Date: 5/3/17
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge